**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**DAVID SOLOMON BROWN, # 14956014**                                                    **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 5:12-cv-41-DCB-RHW**

**VANCE LAUGHLIN, et al.**                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

BEFORE THE COURT are *pro se* Plaintiff David Solomon Brown's pleadings.  He is an

inmate with the Federal Bureau of Prisons, and he brings this civil rights action complaining of a

denial of medical care and placement in administrative segregation.  The Court has considered

and liberally construed the pleadings.  For the reasons set forth below, this case is dismissed.

## BACKGROUND

On March 28, 2012, Plaintiff filed this lawsuit.  He is held at the Adams County

Correctional Center ("ACCC") in Natchez, Mississippi.  He brings this action against the ACCC

as well as thirteen of its employees: Warden Vance Laughlin, Assistant Warden Victor Orsolits,

S.I.S. Investigator J. Jaynes, Chief of Security D. London, Unit Manager A. Liddell, Disciplinary

Hearing Officer B. Bradford, Case Manager T. Barnes, Counselor Credit, S.I.S. Sergeant P.

Stevens, Counselor H. King, Unit Manager Lawrence Walton, Counselor S. King, and Lieutenant

B. Scott.  According to the Complaint, in November of 2011, he was wrongfully accused of a

rule violation involving the smuggling of a cell phone into the prison.  Specifically, Defendant

Unit Manager A. Liddell called Plaintiff to her office to open what appeared to be a package

containing legal mail.  When he did so, a cell phone was discovered inside a large binder.  He

examined the envelope, which was addressed to him purportedly from the New York Public

Defender's office.  Plaintiff informed the officer of the cell phone and that the package was not from his attorney.  Nevertheless, Plaintiff alleges he was immediately placed in administrative segregation for over thirty days.  He contends Defendants either planted the cell phone on him by concealing it in a fake package, or otherwise knowingly or negligently violated prison rules by allowing him to come into possession of the phone.

Additionally, Plaintiff says he is medically required to use a breathing machine and high blood pressure medication.  He alleges he was denied these things while held in segregation.  As relief, he seeks damages for both his medical and segregation claims.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court.  One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised."  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Id.*  The Court has permitted Plaintiff to proceed *in forma pauperis* in this action.

His Complaint is subject to *sua sponte* dismissal under Section 1915.

Although Plaintiff complains of the conditions of a federal prison, he submitted his Complaint on a 42 U.S.C. 1983 form.  Defendants are the ACCC and its employees.  The ACCC is a privately owned facility owned and operated by Corrections Corporation of America.  The facility houses inmates on behalf of the Bureau of Prisons.  Since neither a privately run correctional facility, operated under contract with the federal government, nor the facility's employees are state actors for the purposes of Section 1983, Plaintiff cannot maintain this action under Section 1983.  *Lewis v. Downey*, 581 F.3d 467, 471 n.3 (7th Cir. 2009) (citing *Sandoval v. Wackenhut Corr. Corp.*, No. 93-8582, 1994 WL 171703 at *2 n.3 (5th Cir. Apr. 28, 1994)).  Therefore, it appears Plaintiff is asserting this Complaint under *Bivens*.

BIVENS

A federal inmate may assert a constitutional challenge to the conditions of his confinement under *Bivens*.  *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388, 395-97 (1971).  In order to state a *Bivens* claim, Plaintiff must allege that an individual acting under federal law deprived Plaintiff of a right secured by the United States Constitution.  *Id.*

I.     ACCC

The Supreme Court has declined to extend *Bivens* to lawsuits against private entities acting under color of federal law.  *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63 (2001).  This is because *Bivens* only applies to individual officers.  *Id.* at 70.  Therefore, Plaintiff cannot maintain a *Bivens* action against either Defendant ACCC or Corrections Corporation of America.  The *Bivens* claim against ACCC is therefore dismissed for failure to state a claim upon which relief may be granted.

3

II.   <u>INDIVIDUAL EMPLOYEES</u>

Moreover, the Supreme Court recently addressed the application of *Bivens* to a claim asserted by a federal prisoner seeking relief against individual employees of a private prison. *Minneci v. Pollard*, 132 S. Ct. 617 (2012).  In *Minneci*, the plaintiff was a federal inmate, housed at a facility operated by a private company, who sought relief against its employees for the deprivation of adequate medical care.  *Id.* at 620.  The Court also declined to extend *Bivens* in this situation, because the plaintiff could seek a remedy under state tort law.  *Id.* at 623-26.  Specifically, the Court stated:

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law.  We cannot imply a *Bivens* remedy in such a case.

*Id.* at 626.  The Court also noted that specific authority exists "in every one of the eight States where privately managed secure federal facilities are currently located," including Mississippi, "indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees."  *Id.* at 624-25 (citing *Farmer v. State ex rel. Russell*, 79 So. 2d 528, 531 (Miss. 1955)).  Since Plaintiff's medical claim mirrors the claim rejected by *Minneci*, he cannot maintain this *Bivens* medical claim against the individual employee Defendants.  This claim against the employees is therefore dismissed for failure to state a claim.

This leaves Plaintiff's claim for the alleged wrongful segregation.  He claims the individual employees negligently or intentionally put the cell phone in his hands and made it look like he was smuggling a cell phone when he was not.  As a result, he spent over thirty days in

administrative segregation.  The Court will assume, without deciding, that *Minneci* does not prohibit such a claim under *Bivens*.  Nevertheless, the claim fails because there is no constitutional violation.

There "is no freestanding constitutional right" to be free from false charges.  *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003).  On the other hand, the knowing use of fabricated evidence may violate procedural due process or other constitutional rights.  *Id.* at 953-54, 958.  To maintain a procedural due process claim, Plaintiff must show that the detention either affected the duration of his sentence or imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995).  Plaintiff does not allege that the segregation affected his sentence.  He complains only that he was subject to over thirty days segregation.  This time in administrative segregation, without more, is not an atypical or significant hardship on the inmate.  *Id.* at 486 (thirty days); *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996).  *See also*, *Sharp v. Anderson*, No. 99-60676, 2000 WL 960568, *1 (5th Cir. June 15, 2000) (inmate's claim that he was kept in administrative segregation for 112 days after he was found not guilty of a disciplinary charge did not implicate the protections of the due process clause).  The due process claim against the employee Defendants is therefore dismissed as frivolous.  *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998).

STATE LAW CLAIMS

To the extent Plaintiff brings State law claims, he does not invoke the Court's diversity jurisdiction.  Therefore, any such claims are dismissed without prejudice pursuant to 28 U.S.C. 1367(c)(3).

5

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the *Bivens* claims should be and are hereby **DISMISSED WITH PREJUDICE** for failure to state a claim and as frivolous pursuant to 28 U.S.C. 1915(e)(2)(B).  This dismissal counts as a strike pursuant to 28 U.S.C. 1915(g).  The state law claims are **DISMISSED WITHOUT PREJUDICE**.  A separate Final Judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the <u>18th</u> day of April, 2012.


 s/David Bramlette_____
UNITED STATES DISTRICT JUDGE